UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTONIO PENA,<br>    Plaintiff, | :<br>:<br>:<br>:<br>: | |
| v. | : | CASE NO. 3:16-cv-1809 (SRU) |
| DOC,<br>    Defendant. | :<br>:<br>:<br>: | |

## INITIAL REVIEW ORDER

Antonio Pena, currently incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that he was assaulted by another inmate. Pena only names the Department of Correction as defendant. The complaint was signed by Pena on September 2, 2016, but was not received by the court until November 2, 2016. Pena's motion to proceed *in forma pauperis* was granted on November 7, 2016.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts

to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.   Allegations

In January, Pena requested to be transferred to a level 2 correctional facility.  He was not moved.  ECF No. 1-1 at 1.  In April, Pena's roommate struck him in the face with a lock and continued to hit him in the face.  ECF No. 1 at 6.  Pena's face was swollen.  ECF No. 1-1 at 1.  He was taken to the University of Connecticut Health Center for treatment.  Upon his return, a nurse told him that he has nerve damage in his face.  ECF No. 1 at 6.

II.   Analysis

Pena names only one defendant, the Department of Correction, or DOC.  The Supreme Court has held that the state, state officials acting in official capacity and "governmental entities that are considered 'arms of the State'" are protected from suit for damages under the Eleventh Amendment.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Walker v. State of Connecticut*, 2006 WL 1981783, at *2 (D. Conn. Mar. 15, 2006) (Connecticut Department of Correction is not a person within the meaning of section 1983).  As the Department of Correction is a state agency and, therefore, an arm of the State, it cannot be sued for damages under section 1983.  All claims against the Department of Correction are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Although Pena's allegations are sparse, they may be construed to assert a claim that correctional officials failed to protect him from harm. Prison officials have a duty to make reasonable efforts to ensure inmate safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a constitutional violation, Pena must show that the conditions of his incarceration posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety. *Id.* at 834.

However, it is well settled in this circuit that a plaintiff must allege facts demonstrating the personal involvement of each defendant in the alleged constitutional violation before damages can be awarded. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Pena has not identified any correctional official who failed to protect him from harm.

The Court will afford Pena an opportunity to file an amended complaint. If Pena chooses to do so, the amended complaint shall include as defendants the correctional officials who failed to protect him from harm or were deliberately indifferent to his safety. Pena shall allege facts showing how each defendant was aware of the danger to him and failed to ensure his safety.

III.  Motion for Appointment of Counsel

Pena also seeks appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g.*, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that, before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003)

(quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

Pena identifies only one lawyer that he contacted. He does not indicate that he contacted Inmates' Legal Aid Program, the organization created to provide legal assistance to Connecticut inmates. Absent contact with Inmates' Legal Aid Program, the court cannot determine whether Pena can obtain legal assistance on his own. Accordingly, his motion for appointment of counsel is denied without prejudice.

IV.     Conclusion

The claims against defendant DOC are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Pena is directed to file an amended complaint naming as defendants the correctional officers or officials who were deliberately indifferent to his safety or failed to protect him from harm. Pena also shall allege facts demonstrating how each defendant was involved in his claim. The amended complaint shall be filed within thirty (30) days from the date of this order utilizing the Prisoner E-Filing Program. Failure to timely file an amended complaint complying with this order will result in the dismissal of this case without further notice from the court.

Pena's motion for appointment of counsel [**ECF No. 3**] is **DENIED** without prejudice.

**SO ORDERED** this 21st day of November 2016 at Bridgeport, Connecticut.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge